IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

**STATE OF TENNESSEE v. EDWARD KORIK**

**Appeal from the Criminal Court for Anderson County**
**No. 99CR0365     James B. Scott, Jr., Judge**

**No. E2000-02474-CCA-R3-CD**
**July 8, 2002**

The defendant, Edward Korik, appeals the Anderson County Criminal Court's ordering him to serve forty-five days in jail for his guilty plea to driving under the influence (DUI), second offense, a Class A misdemeanor. He contends that this court should remand his case to the general sessions court, where it originated, with orders that the general sessions court consider his request for work release instead of incarceration. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Nancy Meyer, Clinton, Tennessee, for the appellant, Edward Korik.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; James N. Ramsey, District Attorney General; Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record and briefs reflect that the defendant pled guilty to DUI, second offense, in the Anderson County General Sessions Court, and, pursuant to a plea agreement, the court sentenced him to forty-five days in jail. The defendant appealed his sentence to the criminal court, which determined that the defendant could not serve his forty-five days of incarceration on work release because Anderson County did not have a work release program.

The defendant appeals, claiming that the general sessions court had the authority to grant him work release. He contends that this court should remand the case to the general sessions court and order that court to conduct a hearing on his work release request. The defendant also moves this court in his reply brief not to consider the state's brief in our disposition of the case because the brief was untimely filed. First, we note that motions should not be made part of an appellate brief. <u>See</u>

T.R.A.P. 22. Such a motion should have been filed. In any event, we see no prejudice to the defendant by our accepting the state's brief. The state claims that the trial court properly found that the defendant could not be sentenced to work release because Anderson County does not have a work release program. We agree with the state.

A general sessions court may sentence a defendant convicted of DUI, second offense, to a work release program. See Tenn. Code Ann. § 41-2-128(c) (providing that "the judge may sentence persons convicted of a second violation of § 55-10-401 or § 55-50-504(a)(2), to the work release program established pursuant to this section if, prior to doing so, [certain qualifying conditions have been met]"). However, this court has held that a trial court did not err in refusing to allow a DUI second offender to participate in work release when Anderson County did not have a work release program. State v. Christopher Lindsay, No. E1999-00036-CCA-R3-CD, Anderson County (Tenn. Crim. App. Nov. 3, 2000), app. denied (Tenn. Apr. 16, 2001); see also Op. Tenn. Att'y Gen. No. U96-063 (Oct. 16, 1996) (providing that a judge may sentence a DUI second offender to work release if the county has a workhouse but has not formally created a work release program). This court also has rejected a defendant's claim that the unavailability of work release in Anderson County during the service of his mandatory confinement period for second offense DUI deprived him of his rights to equal protection. State v. David Calvin Mitchell, E1999-02761-CCA-R3-CD, Anderson County (Tenn. Crim. App. Mar. 15, 2001), app. denied (Tenn. Sept. 24, 2001).

Nothing in the record indicates that Anderson County has a workhouse or has adopted a work release program. Therefore, under the circumstances in this case and in light of Christopher Lindsay and David Calvin Mitchell, we believe the defendant is not eligible for work release. We note that after the defendant filed his appeal with this court, the state filed a motion pursuant to Rule 20, Tenn. Ct. Crim. App. R., requesting that this court affirm the trial court's judgment. In denying the state's motion, this court raised the issue of which lower court, the general sessions court or the criminal court, was the sentencing court in this case. However, given that nothing in the record indicates that Anderson County has instituted a work release program, we need not decide that issue at this time.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE